UNITED STATES of America,
Appellee,

v.

Vitautus KILTINIVICHIOUS,
Defendant–Appellant.

No. 03–1577.

United States Court of Appeals,
Second Circuit.

June 1, 2005.

Eileen F. Shapiro, Brooklyn, NY, for Appellant.

Robert B. Buehler, Assistant United States Attorney (Sigal Mandelker, Adam B. Siegel, Assistant United States Attorneys, David N. Kelley, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRÁNES and POOLER, Circuit Judges.

## SUMMARY ORDER

Defendant was convicted, following a jury trial, of racketeering ("RICO"), in violation of 18 U.S.C. § 1962(c), racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), extortion conspiracy, in violation of 18 U.S.C. §§ 1951, extortion, in violation of 18 U.S.C. § 1951 and 2, and arson conspiracy, in violation of 18 U.S.C. § 844(i) and (n), arising from his connections to a criminal organization known as the Brigade, and was sentenced principally to a term of 188 months' imprisonment. Defendant raises a number of challenges to his sentence on appeal, including (1) that the use of his co-defendants' plea allocutions without cross-examination violated his rights under the Confrontation Clause; (2) that the evidence was not sufficient to support his conviction on the arson conspiracy count; (3) that the District Court erred in denying his pre-trial motion for severance; (4) that the District Court erred in denying his motion to dismiss counts of the indictment as multiplicious; and (5) that the District Court erred in determining his sentence. We consider each challenge in turn.

■ It is undisputed that the admission into evidence of the co-defendants' plea allocutions violated defendant's rights under the Confrontation Clause. *See Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The Government argues, following our decision in *United States v. McClain,* 377 F.3d 219 (2d Cir.2004), that the admission was

harmless error. *Id.* at 222 (holding that erroneous admission of plea allocutions "does not necessitate a new trial as long as 'the government can show beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" (quoting *United States v. Casamento,* 887 F.2d 1141, 1179 (2d Cir.1989))). In undertaking harmless error review, we evaluate "a host of factors [including] the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the government's case." *Delaware v. Van Arsdall,* 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).

In light of these considerations and our review of the evidence presented at trial, we conclude that the Government has met its burden of demonstrating that the erroneous admission of the plea allocutions did not contribute to the verdict. We accordingly hold that the introduction of the plea allocutions constitutes harmless error, and reject defendant's plea for a new trial on that basis.

■ Defendant next argues that the evidence was insufficient to convict him on the arson conspiracy count. This argument is without merit. The District Court found at sentencing that defendant was fully aware of the violent nature of the organization's operations, including the burning, or "barbecuing," of the rival transport organizations' vehicles. There was ample evidence for the jury to conclude that he was involved in all stages of the plan. We see no basis to reverse the jury's decision on this count.

Defendant next claims that the District Court erred in denying his pre-trial motion for severance of his case from those of other Brigade members. We note that

> [w]hen defendants are properly joined under Rule 8, a severance, pursuant to Fed R.Crim. P. 14, should only be granted if there is a serious risk that a joint trial would either compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence. A defendant seeking severance must show that the prejudice to him from joinder is sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials.... Rule 14 does not require severance, even if prejudice is shown. The rule leaves the type of relief granted to the sound discretion of the trial court.

*United States v. Walker,* 142 F.3d 103, 110 (2d Cir.1998) (internal citations omitted). In light of this standard, and the deference owed to the District Court on this issue, as well as the circumstances presented here, we affirm the denial of the severance motion, for the reasons stated by the District Court in its Order of July 12, 2000.

Defendant also argues that the District Court erred in refusing to dismiss certain counts of the indictment on multiplicity grounds. We find this claim to be without merit, for the reasons stated by the District Court in its Order of September 12, 2000.

We have considered all of defendant's non-sentencing claims, and found them to be without merit. Accordingly, we AFFIRM defendant's conviction and turn to the question of the sentence imposed.

■ Defendant raises a number of challenges to the sentence imposed by the District Court, including that the imposed sentence violated his Sixth Amendment rights. In light of the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621

(2005), and this Court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), this case is REMANDED so that the District Court may consider whether to re-sentence defendant, in conformity with the currently applicable statutory requirements explicated in the *Crosby* opinion.

We note that the District Court's consideration of whether a non-trivially different sentence would have been imposed should normally be made with the correct Guideline calculation in mind. *See Crosby*, 397 F.3d at 111–12. In the pending case, there is some uncertainty whether the record supports the four-level enhancement for serious bodily injury, *see* U.S.S.G. § 1B1.1, cmt. 1(L); § 2B3.2(b)(4)(B); a two-level enhancement for bodily injury, *see id.* § 1B1.1, cmt. 1(B); § 2B3.2(b)(4)(A); or an intermediate three-level enhancement. *See* § 2B3.2(b)(4)(D). Because of overlapping sentencing ranges, the 188–month sentence imposed could have been imposed no matter which of these three degrees of injury enhancement applied. Therefore, the District Court, on remand, has discretion to indicate that, regardless of which degree of injury enhancement was used, the sentence would not have been non-trivially different and leave the existing sentence in place, and also has discretion to decide to re-sentence and impose a non-Guideline sentence. *See Crosby*, 397 F.3d at 112 (precise calculation of Guideline range not always necessary).

Any appeal taken from the District Court following this remand will be confined to issues arising from that re-sentencing, if it occurs, and can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b).

To summarize: we have considered all of defendant's claims on appeal and AF-FIRM with respect to all non-sentencing issues. We REMAND under *Crosby* for consideration by the District Court of whether to re-sentence defendant.